# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4486 (99-CR-7020) | **DATE** | JAN. 11, 2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. BENJAMIN BOWMAN | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. If defendant wishes to appeal this order, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 2 2001 date docketed | 5 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 01/11/2001 date mailed notice | |
| CW | courtroom deputy's initials | 01 JAN 11 PM 5:50 Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 00 CV 4486
) (99 CR 7020)
BENJAMIN BOWMAN, )
)
Defendant. )



## **MEMORANDUM OPINION AND ORDER**

On November 17, 1999, defendant Benjamin Bowman pleaded guilty to two counts of attempting to damage or destroy property by means of a fire or explosive in violation of 18 U.S.C. § 844(i). More specifically, defendant attempted to burn down a church at which he was the pastor. Count One charged an attempt that occurred on August 25, 1994 and Count Two charged an attempt that occurred on November 5, 1995. On March 8, 2000, defendant was sentenced to concurrent terms of incarceration of 48 months to be followed by three years' supervised release. Defendant was also fined. Judgment on the conviction and sentence was entered on March 10, 2000. No appeal was taken.

On July 20, 2000, defendant filed a pro se motion to vacate his sentence. See 28 U.S.C. § 2255. Defendant contends that his counsel provided ineffective assistance by failing to advise defendant of or raise any issue regarding arresting

defendant without probable cause. Defendant also contends counsel was ineffective for failing to advise him of his right to appeal.

The record in this case, including the presentence investigation report, shows that defendant was never arrested. Instead, an indictment was returned by a grand jury and, upon voluntarily appearing at the arraignment, defendant was released on bond. At his plea colloquy, defendant was questioned as to his understanding of his rights and the plea agreement, and it was found that his plea was voluntary.[1] Defendant's written plea agreement includes the following provision:

> 10. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving the right to appeal his conviction and waives all appellate issues that might have been available if he had exercised his right to trial. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal his conviction or any sentence within the agreed upon sentencing range of 46-57 months as provided in this Agreement (or the manner in which that sentence was determined) on the grounds set forth in Section 3742 or any ground whatever, in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his conviction and sentence, or the manner in which the sentence was determined, in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

---

[1] No transcript of the plea colloquy is presently available.

> The waivers of appeal and future collateral review in this paragraph do not apply to a claim of involuntariness or ineffective assistance of counsel, which relates directly to these waivers or to their negotiation.

Waivers of this sort are enforceable to the extent they are voluntary and unambiguous and not the result of ineffective assistance of counsel. See Bridgeman v. United States, 229 F.3d 589, 591-92 (7th Cir. 2000); United States v. Woolley, 123 F.3d 627, 631-32 (7th Cir. 1997). The language of the plea agreement clearly waives the right to proceed with a § 2255 motion.

Even if it is assumed that the waiver is inapplicable because the alleged deficient performance regarding the arrest warrant directly relates to the decision to enter into the plea agreement (including the waiver) or that the waiver is otherwise enforceable, defendant states no adequate ground for relief. Since defendant was never arrested, there cannot be any cognizable claim based on arrest without an adequate warrant. As to the failure to be advised of an appeal, assuming that allegation is true, it still must be shown that the failure to advise was deficient performance and that defendant was prejudiced by the failure to receive such advice. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Since defendant does not point to any issue that could have been successfully raised on appeal, he has not satisfied the prejudice component.

Defendant's § 2255 motion does not state any cognizable claim. The motion will be denied.

IT IS THEREFORE ORDERED that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 11, 2001